**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHERYL LANEY** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **DIAKON LOGISTICS (DELAWARE)** | § | **JURY TRIAL DEMANDED** |
| **INC., PV HOLDING CORP.,** | § | |
| **ROBERT DAVIS &** | § | |
| **HOWARD CHARLES JOHNSON** | § | |
| **Defendants** | § | |

## DEFENDANT PV HOLDING CORP.'S NOTICE OF REMOVAL

Defendant, PV Holding Corp., files this Notice of Removal under 28 U.S.C. §1446(a).

### Introduction

1.      Plaintiff is Cheryl Laney.

2.      Defendants are Diakon Logistics (Delaware), Inc., PV Holding Corp., Robert Davis and Howard Charles Johnson.

3.      On or about January 7, 2018, Plaintiff filed suit against Defendants in the 133rd Judicial District Court of Harris County, Texas.

4.      Defendant PV Holding Corp. was served January 15, 2018 and timely filed an Original Answer on February 2, 2018 and requested a jury trial.

5.      Defendant Diakon Logistics (Delaware) Inc. has made an appearance in the state court action.

6.      Defendant Howard Charles Johnson has been served, but to date has not made an appearance in the state court action.

7.    Defendant Robert Davis has not been served to date or otherwise made an appearance in the state court action.

8.    Plaintiff asserts a negligence state law cause of action against Defendants Robert Davis and Howard Charles Johnson.

9.    Plaintiff alleges Defendants Diakon Logistics (Delaware) Inc. and/or PV Holding Corp. were negligent in hiring, training, instructing, and supervising Defendants Robert Davis and Howard Charles Johnson.  Plaintiff also asserts a negligent entrustment state law cause of action against Defendants Diakon Logistics (Delaware) Inc. and PV Holding Corp.

10.    Defendant PV Holding Corp. timely files this notice of removal within 30 days of actual receipt of Plaintiff's Original Petition.

11.    In accordance with the Federal Rules of Civil Procedure and Local Rules for the Southern District of Texas, the following documents are being filed contemporaneously with this notice of removal:[1]

    (a) Notice of Service of Process on Defendant PV Holding Corp.;

    (b) Copies of all state court pleadings;

    (c) Copies of all state court orders (none);

    (d) State Court docket sheet; and

    (e) List of all counsel, with addresses and telephone numbers.

## Basis of Removal

12.    Removal is proper because there is diversity between the parties.   28 U.S.C. §1332(a).  Plaintiff is a citizen and resident of Harris County, Texas.  Defendant Diakon

---

[1] The documents comprising (a)-(d) are attached as Exhibit "B."

Logistics (Delaware) Inc. is incorporated under the laws of the State of Virginia with headquarters and principal place of business in Manassas, Virginia.  PV Holding Corp. is a Delaware company with headquarters and principal place of business in Parsippany-Troy Hills, New Jersey.  Based upon information and belief, Defendant Robert Davis is a non-citizen and non-resident of the State of Texas.  Based upon information and belief, Defendant Howard Charles Johnson is a citizen and resident of Great Falls, Virginia.

13.     Plaintiff's Original Petition, filed on January 7, 2018, indicates Plaintiff is seeking monetary relief over $200,000.00, but not more than $1,000.000.00 in damages.

14.     Copies of all pleadings, process, orders and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

15.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

16.     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit is pending.

## Conclusion

17.     Diversity exists between Plaintiff and Defendants.   The amount in controversy exceeds $75,000.00.  For these reasons, Defendant, PV Holding Corp., asks the Court to remove the suit to the United States District Court for the Southern District of Texas–Houston Division.

Respectfully submitted,

Donato, Minx, Brown & Pool, P.C.


By:  /s/ Aaron Pool
         Aaron Pool
         Attorney-In-Charge
         Federal ID No. 12920
         State Bar No. 16115400
         3200 Southwest Freeway
         Phoenix Tower, Suite 2300
         Houston, Texas 77027
         Telephone:   713-877-1112
         Facsimile:     713-877-1138
         apool@donatominxbrown.com

**ATTORNEYS FOR DEFENDANT,
PV HOLDING CORP.**


OF COUNSEL:
DONATO, MINX, BROWN & POOL, P.C.
Alvin D. Houston
Federal ID No. 939429
State Bar No. 24041134
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Telephone:   713-877-1112
Facsimile:     713-877-1138
ahouston@donatominxbrown.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2018, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic system, electronic mail, and/or facsimile transmission.

Sam K. Mukerji
Jonathan E. Bleyer
Mukerji Law Firm
2405 Smith Street
Houston, Texas 77006
litigation@mukerjilaw.com
(Attorneys for Plaintiff)

Nick Lanza
Lanza Law Firm, P.C.
4950 Bissonnet Street
Houston, Texas 77401
eservice@lanzalawfirm.com
(Attorneys for Defendant,
Diakon Logistics (Delaware) Inc.)

/s/ Aaron Pool
Aaron Pool

**EXHIBIT "A"**

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHERYL LANEY** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **DIAKON LOGISTICS (DELAWARE)** | § | **JURY TRIAL DEMANDED** |
| **INC., PV HOLDING CORP.,** | § | |
| **ROBERT DAVIS &** | § | |
| **HOWARD CHARLES JOHNSON** | § | |
| **Defendants** | § | |

## INDEX OF MATTERS BEING FILED

1.    Notice of Service of Process on PV Holding Corp.;

2.    Plaintiff's Original Petition;

3.    Citation and Affidavit of Service for PV Holding Corp.;

4.    Citation and Affidavit of Service for Daikon Logistics (Delaware) Inc.;

5.    Citation and Affidavit of Service for Howard Charles Johnson;

6.    Defendant's Original Answer, filed by PV Holding Corp.;

7.    Defendant's Request for Jury Trial, filed by PV Holding Corp.;

8.    Defendant Diakon Logistics (Delaware) Inc.'s Original Answer;

9.    Docket Sheet and Civil Process Request Form from Harris County District Clerk's Office;

     For Items 1-9 See Exhibit "B."

10.    A list of all counsel of record, including addresses, telephone numbers, and parties represented.

Attorneys for Plaintiff, Cheryl Laney

Sam K. Mukerji
State Bar No. 24053377
Jonathan E. Bleyer
State Bar No. 24089990
Mukerji Law Firm
2405 Smith Street
Houston, Texas 77006
Telephone:    713-222-1222
Facsimile:     713-222-0555
litigation@mukerjilaw.com


Attorney for Defendant,
Diakon Logistics (Delaware) Inc.

Nick Lanza
State Bar No. 11941225
Lanza Law Firm, P.C.
4950 Bissonnet Street
Houston, Texas 77401
Telephone:    713-432-9090
Facsimile:     713-668-6417
eservice@lanzalawfirm.com


Attorneys for Defendant,
PV Holding Corp.

Aaron Pool
Federal ID No. 12920
State Bar No. 16115400
Attorney-In-Charge
Alvin D. Houston
Federal ID No. 939429
State Bar No. 24041134
Donato, Minx, Brown & Pool, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Telephone:    713-877-1112
Facsimile:     713-877-1138
apool@donatominxbrown.com
ahouston@donatominxbrown.com

**EXHIBIT "B"**



# Notice of Service of Process

null / PERINJ
Transmittal Number: 17634689
Date Processed: 01/15/2018

| | |
|---|---|
| Primary Contact: | Kate Nelson<br>Avis Budget Group, Inc.<br>300 Center Point Drive<br>Virginia Beach, VA 23462 |
| Electronic copy provided to: | Marybell Flores<br>Charlene Cox<br>Legal Mailbox<br>Patricia Minor<br>Litigation Department<br>Bryon Koepke<br>Lindsay Clifford |

| | |
|---|---|
| Entity: | PV Holding Corp.<br>Entity ID Number  2280079 |
| Entity Served: | PV Holding Corp |
| Title of Action: | Cheryl Laney vs. Diakon Logsitics (Delaware) Inc |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Personal Injury |
| Court/Agency: | Harris County District Court, Texas |
| Case/Reference No: | 2018-01251 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 01/15/2018 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Sam K. Mukerji<br>713-222-1222 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

0120 7179

| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73451589 ATY |

**CAUSE NUMBER** 201801251

| | |
|---|---|
| **PLAINTIFF:** LANEY, CHERYL<br>vs.<br>**DEFENDANT:** JOHNSON, HOWARD CHARLES | In The 133rd<br>**Judicial District Court of**<br>**Harris County, Texas** |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: PV HOLDING CORP (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED BY
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (D/B/A
CSC LAWYERS INCORPORATING SERVICE COMPANY)
701 BRAZOS STREET SUITE 1050 AUSTIN TX 78701

Attached is a copy of PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE INTERROGATORIES.
REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION

This instrument was filed on the 8th day of January , 20 18 in the
above cited cause number and court. The instrument attached describes the claim against you.

  **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

  **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this 9th day of
January , 20 18 .

Issued at request of:
BLEYER, JONATHAN E.
2405 SMITH STREET
HOUSTON, TX 77006
TEL: (713) 222-1222
Bar Number: 24089990

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

**Generated by:** LEMON, JUSTINA VERNELL
EGZ//10856532

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the 15th day of January , 20 18 at o'clock ___.M., endorsed
the date of delivery thereon, and executed it at _____
                                                           (STREET ADDRESS)                    (CITY)
in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___.M.,
by delivering to _____ by delivering to its
                            (THE DEFENDANT CORPORATION NAMED IN CITATION)
_____ in person, whose name is _____
    (REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                      (DESCRIPTION OF PETITION, E.O. "PLAINTIFFS ORIGINAL")
and with accompanying copies of _____
                                         (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $_____              By: _____
                                              (SIGNATURE OF OFFICER)
                            Printed Name: _____
                            As Deputy for: _____
**Affiant Other Than Officer**                    (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20___.

_____
                        Notary Public

N. INT.CITC. P                    **\*73451589\***


01/15/18
PSC 1181

1/7/2018 11:41 AN
Chris Daniel - District Clerk Harris County
Envelope No. 2165605:
By: Brittany Ha
Filed: 1/8/2018 12:00 AN

# 2018-01251 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| CHERYL LANEY, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| DIAKON LOGSITICS (DELAWARE) INC., | § | |
| PV HOLDING CORP.  ROBERT DAVIS, & | § | |
| HOWARD CHARLES JOHNSON | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUESTS FOR ADMISSION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHERYL LANEY, Plaintiff, complaining of DIAKON LOGSITICS (DELAWARE) INC., PV HOLDING CORP., ROBERT DAVIS, AND HOWARD CHARLES JOHNSON, Defendants, and files this Original Petition, Request for Disclosure, Interrogatories, Request for Production, and Requests for Admissions and for cause of action would respectfully show the Court the following:

## I.
### DISCOVERY LEVEL

1.1    Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
### PARTIES

2.1 Plaintiff, CHERYL LANEY, is a resident of Harris County, Texas.

2.2 Defendant HOWARD CHARLES JOHNSON is an individual nonresident of Texas. Defendant HOWARD CHARLES JOHNSON may be served with process herein pursuant to §

17.062 of the Texas Civil Practice & Remedies Code. That statute provides that the chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or accident in which the person or his agent is involved while operating a motor vehicle in this state. A citation is requested at this time.

2.3 Process may be served on Defendant HOWARD CHARLES JOHNSON by serving a certified copy of the process on the chairman not later than the 20th day prior to the date of return stated in the process. Immediately after being served, the chairman by properly addressed letter shall mail to HOWARD CHARLES JOHNSON:

a.      a copy of the process; and

b.      notice that the process has been served on the chairman.

The notice and copy of the process must be sent to HOWARD CHARLES JOHNSON by registered mail, or by certified mail, return receipt requested, with the postage prepaid to the following address:

HOWARD CHARLES JOHNSON

502 SENECA KNOLL COURT,

GREAT FALLS, VA 22066

2.4 Defendant ROBERT DAVIS is an individual nonresident of Texas.  On information and belief, service of process can be had on Defendant by serving him at his place of employment, DIAKON LOGISITICS (DELAWARE) INC. at **8550 Market St, Houston, TX 77029**. A citation is requested at this time.

2.5 Defendant, DIAKON LOGSITICS (DELAWARE) INC., is a foreign for profit corporation incorporated under the laws of the State of Virginia and is a resident of the State of Virginia. Service of process may be had on Defendant by serving its Registered Agent: **CT**

**Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.** A citation is requested at this time.

2.6 Defendant, PV HOLDING CORP.., is a foreign for profit corporation incorporated under the laws of the State of New Jersey and is a resident of the State of New Jersey. Service of process may be had on Defendant by serving its Registered Agent: **Corporation Service Company dba CSC Lawyers Incorporating Service Company at 701 Brazos Street, Suite 1050, Austin, TX 78701.** A citation is requested at this time.

### III.
### <u>VENUE</u>

3.1  Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code as the incidents made the basis of this suit occurred in Harris County, Texas.

### IV.
### <u>BACKGROUND FACTS</u>

4.1  On or about January 18, 2016, Plaintiff CHERYL LANEY, while lawfully operating a motor vehicle, was traveling eastbound on Airport Boulevard in Harris County, Texas. At the same time, Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS, while in the course and scope of their actual and statutory employment with DIAKON LOGISTICS (DELAWARE) INC. and/or PV HOLDING CORP., was operating a motor vehicle attempting to exit a private drive onto Airport Boulevard when he failed to yield to the right of way, failed to properly apply the brakes of his vehicle, and suddenly and without warning collided with Plaintiff's vehicle. As a result of the aforementioned collision caused by the negligence of Defendants, Plaintiff suffered bodily injuries.

4.2  Nothing Plaintiff did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendants named herein which proximately caused the occurrence in question and Plaintiff's resulting injuries and damages.

## V.
## NEGLIGENCE

5.1 The occurrence made the basis of this suit and the resulting injuries and damages was proximately caused by the negligence of the Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS for a variety of acts and omissions, including but not limited to one or more of the following:

1.      In driving his vehicles at an excessive rate of speed immediately prior to the collision;

2.      In operating said vehicle in a careless and reckless manner;

3.      In failing to apply the brakes of said vehicle in time to avoid the aforesaid collision;

4.      In failing to keep a proper lookout;

5.      In failing to keep said vehicle under reasonable and proper control;

4.      In failing to pay full time and attention;

5.      In failing to yield to the right of way when leaving a private drive;

7.      In failing to control speed; and

8.      In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

5.2  Each and all of the above acts and/or omissions were negligence and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

5.3  Defendant DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP. are legally responsible to Plaintiff for the negligent conduct of Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS under the legal doctrines of respondeat superior, agency, and/or ostensible agency, because Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS was, at all times material hereto, an agent, ostensible agent, servant, and/or employee of DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING

CORP., and was acting within the course and scope of such agency or employment at the time of the collision made the basis of this action. As a result thereof, Defendants DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP. are liable for all negligence of Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS.

5.4   Defendants DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP. was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS. Defendants DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP. failed to provide the proper training and instruction to Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS which would have provided him with the proper skills and knowledge to avoid the collision made the basis of this lawsuit. Defendants DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP.'s negligent hiring of and failure to properly instruct and train their driver was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

## VI.
## NEGLIGENT ENTRUSTMENT

6.1 At the time of the collision, Defendant HOWARD CHARLES JOHNSON and/or ROBERT DAVIS was operating Defendant DIAKON LOGSITICS (DELAWARE) INC. and/or Defendant PV HOLDING CORP.'s, vehicle negligently. DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP., negligently entrusted their vehicle to HOWARD CHARLES JOHNSON and/or ROBERT DAVIS, who was an incompetent and/or reckless driver and DIAKON LOGSITICS (DELAWARE) INC. and/or PV HOLDING CORP., knew or should have known that HOWARD CHARLES JOHNSON and/or ROBERT DAVIS was an incompetent and/or reckless driver. Defendant HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently. Defendant

HOWARD CHARLES JOHNSON and/or Defendant ROBERT DAVIS breached that duty in one or more of the following ways, proximately causing the injuries and damages to Plaintiff set forth herein:

      a. Failing to maintain a proper lookout;

      b. Failing to make proper application of the brakes of his vehicle;

      c. Failing to make timely application of the brakes of his vehicle;

      d. Failing to bring his vehicle to a stop before it collided with Plaintiff' vehicle;

      e. Failing to turn the vehicle to avoid a collision;

      f. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

      g. Being inattentive and failing to maintain proper control of his vehicle;

      h. Operating his vehicle in a reckless manner;

      i. Failing to yield to the right of way when exiting a private drive; and

      j. Violations of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations.

      6.2 Defendant DIAKON LOGSITICS (DELAWARE) INC. and/or Defendant PV HOLDING CORP. , had a duty to exercise ordinary care in entrusting Defendant's vehicle to Defendant HOWARD CHARLES JOHNSON and/or ROBERT DAVIS.  Defendant DIAKON LOGSITICS (DELAWARE) INC. and/or Defendant PV HOLDING CORP., breached that duty.

## VII.
## DAMAGES

      7.1 The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiff's serious injuries.

7.2 As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff CHERYL LANEY suffered injuries and damages including the following:

1)    Past and future physical pain and suffering;

2)    Past and future mental anguish;

3)    Past and future impairment;

4)    Past and future medical expenses;

5)    Past and future lost wages; and

6)    Past and future lost earning capacity

7.3 As discussed above, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Plaintiff is required by law to state the maximum amount of damages she is seeking, Plaintiff believes that when the totality of her damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a fact finder may ultimately decide that Plaintiff's damages exceed two hundred thousand dollars ($200,000) but it is unlikely that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000). Plaintiff therefore sues for a sum in excess of two hundred thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

## VIII.
## PRE AND POST JUDGMENT
## INTEREST

8.1 Plaintiff will additionally show that she is entitled to recover pre and post-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## IX.

## REQUEST FOR DISCLOSURE TO
## DEFENDANTS

All Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, are requested to disclose to Plaintiff's attorneys, on or before fifty (50) days after service of this request, the information or material described in Rule 194.2(a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiff have judgment against Defendants, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that she recover interest, both pre- and post-judgment, to which she is entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,
**MUKERJI LAW FIRM**

*/s/ Sam K. Mukerji*
Sam K. Mukerji
State Bar No.: 24053377
Jonathan E. Bleyer
State Bar No.: 24089990
2405 Smith Street
Houston, TX 77006
Tel: (713) 222-1222
Fax: (713) 222-0555
litigation@mukerjilaw.com
ATTORNEYS FOR PLAINTIFF

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS</u>

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs hereby serves upon you Plaintiff's First Request for Production. The documents and tangible things requested should be produced at the offices of Mukerji Law Firm, P.C., 2405 Smith Street, Houston, Texas 77006.

•    <b>Instructions.</b>

1. Please serve your answers documents in response to these requests within fifty (50) days after service hereof.

2. Please produce any documents responsive to these requests at the offices of Mukerji Law Firm, P.C.. on or before the date these responses are due.

3.    **Duty to Make Complete Response.** Pursuant to Texas Rule of Civil Procedure 193.1, you must make a complete response to this discovery request, based on all information reasonably available to you or your attorney at the time your response is made.

4.    **Sources of information.** In answering this discovery request, provide all information within the custody, possession, or control of you or your agents, employees, or attorneys. You must furnish all requested information that is known by, possessed by, or available to you or your employees, attorneys, consultants, representatives or agents, and that appears in your records. Answers should not be limited to the personal knowledge of the person verifying the answers and should include all information of which knowledge is imputed to you. When a response is based on imputed knowledge or is made on information and belief, the source and basis of the information and belief or of the imputed knowledge should be identified.

5.    **Partial answers.** If you are unable to answer an interrogatory fully after exercising due diligence to secure the full information; you must answer to the fullest extent possible, specifying the reason for your inability to answer the remainder in stating whatever information, knowledge, or belief you have concerning the unanswered portion. Evasive and incomplete answers may be deemed to be a failure to answer and may render you or your attorney, or both, liable for sanctions pursuant to Texas Rule of Civil Procedure 215.

Plaintiff's Original Petition, with Discovery

6.     **Objections.** Pursuant to Texas Rule of Civil Procedure 193.2(b), if you object to a portion of any of the following discovery requests, you must comply with so much of the request in question as to which you have made no objection.

7.     **Continuing nature of discovery requests; duty to supplement.** This discovery request shall be deemed continuing pursuant to the Texas Rules of Civil Procedure. Without being requested to do so, you must amend any answer when it is discovered to be no longer correct or complete and the circumstances are such that a failure to amend the answer is in substance misleading. You must also amend any answer if you learn that the response made was not correct and complete when made.

8.     **Assertion of Privilege.** With respect to any information withheld from your responses pursuant to any claim of privilege or immunity or exemption from discovery, you must provide the information required by Texas Rule of Civil Procedure 193.3(a).

## II.     Definitions.

1. **"Defendant," "You,"** and **"Your"** mean Defendant **HOWARD CHARLES JOHNSON** (if discovery to HOWARD CHARLES JOHNSON or "all defendants") and/or **DIAKON LOGSITICS (DELAWARE) INC.,** (if discovery to DIAKON LOGSITICS (DELAWARE) INC., or "all defendants"), and/or **PV HOLDING CORP.,** (if discovery to PV HOLDING CORP. or "all defendants")and include their agents, representatives, employees, successors and assigns, and all other persons acting on their behalf.

2.     **"Document"** means any printed, typewritten, or handwritten matter, any other form of graphical depiction of any communication, information, or data, any writing or other tangible thing of any kind or description, however produced or reproduced, and any type of digitally, electronically or magnetically stored information, including without limitation, data compilations and stored data from which information can be obtained and translated, data (both in tangible form and stored in memory components), data print-outs, databases, "e-mail" messages, phonographic records, audio recordings (whether stored in analog form, stored digitally, stored magnetically (including on audiotapes), or otherwise), video recordings (whether stored digitally, on videotape, or otherwise), photographs (whether stored digitally, on photographic film, or otherwise), telecopies and facsimiles, telegrams, teletype or telefax messages, telexes, work sheets, working papers, or materials similar to any of the foregoing, however denominated by you. The terms **"document"** and **"documents"** also include drafts of any documents and every copy of a document that is not an identical reproduction of the original, whether because it bears any handwritten words, markings, interlineations, alterations, revisions, changes, deletions, marginal comments, notations, or other thing that does not appear in or on the original, or because it otherwise differs in any way from the original document. The foregoing definition is not intended to be one of limitation, and the term "document" is to be given the broadest construction possible under the Texas Rules of Civil Procedure and decisions construing those rules.

3.     **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, Limited Liability Company, proprietorship, governmental body, or other form of organization, business, or legal entity.

4.    **"Possession"** includes actual and constructive possession. Any document or information that is not in your physical possession but that you have a right to obtain from a third person, or which is otherwise subject to your control, is considered to be in your constructive possession. Pursuant to Texas Rule of Civil Procedure 192.7(b), documents or information are within your possession, custody, or control if you have physical possession of them or if you have a right to possession thereof that is equal or superior to that of the person who has physical possession of them.

5.    **"Concerning"** means referring to, relating to, describing, setting forth, evidencing, or constituting.

6.    **"Identify"** and **"identity"** mean: (a) when used in reference to a natural person, to state that person's name and present or last known residential and employment addresses and telephone numbers; (b) when used in reference to an entity other than a natural person, to: (i) state the form of entity (e.g., whether it is a sole proprietorship, partnership, limited partnership, limited liability company, joint venture, or corporation); (ii) provide the address of its principal place of business, and (iii) identify the entity's location and telephone number; (c) when used in reference to an oral communication, to identify the speaker, the person spoken to, any other persons who were present or in a position to hear, the date and place of the communication, and the substance of the communication, and to identify any documents that set forth, summarize, or refer to the communication; (d) when used in reference to information or to a fact, to: (i) describe in reasonable detail the substance of the fact or information; and (ii) state how, when, and from whom you learned of the fact or information, including identifying any person, document, or communication from which you learned of the fact or information; and (e) when used in reference to a document, to identify the author or authors, all addressees, all other recipients, the date of the document, and to describe in reasonable detail the contents of the document.

7.    **"Communication"** means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance heard by a person other than the speaker.  Communication includes any verbal, recorded, written, or electronic communication of any kind, including but not limited to electronic mail ("e mail").

8. The **"Incident"** shall mean the auto collision that occurred on __January 18, 2016__ and which is the subject of this suit.

9. **"Describe in reasonable detail"** shall mean to set forth with a reasonable degree of specificity each fact, event, circumstance, act omission, and item of information known to you relating to the subject matter of the interrogatory in question.

•    Pursuant to Texas Rule of Civil Procedure 197.1, when used in relation to a legal or factual contention, such as an allegation or contention in a pleading, "describe in **reasonable detail**" means to state the legal theory or basis of the allegation or contention and to describe in general the factual basis for the allegation or contention. In accordance with Texas Rule of Civil Procedure 197.1, the use of these terms in these discovery requests is not meant to require you to marshal all of your available proof or all of the proof you intend to offer at trial and no objection should be made to these discovery requests on that basis.

## REQUESTS FOR PRODUCTION TO HOWARD CHARLES JOHNSON

**REQUEST FOR PRODUCTION NO. 1**
True and correct copies of any and all incident reports made by agents, representatives or employees of Defendant concerning the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**
True and correct copies of any and all incident reports made by any police department or agency, Defendant's insurance carrier, or anyone else concerning the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**
True and correct copies of any and all photographs, videotapes, films or other graphic images of Plaintiff (including but not limited to surveillance photographs, videotapes, films or other graphic images of Plaintiff); the scene of the incident made the basis of this lawsuit; or any vehicle involved in the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**
True and correct copies of any and all documents in Defendant's care custody or constructive control which mention the name of Plaintiff, other than documents for which Defendant in good faith claims a privilege. With respect to each such document for which Defendant in good faith claims a privilege, please provide a privilege log in compliance with Rule 193.3(b) of the Texas Rules of Civil Procedure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**
True and correct copies of any and all documents which mention, reflect or refer to the conviction of any party, witness or potential witness of a felony or crime of moral turpitude pursuant to rule 609 of the Texas Rules of Evidence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**
True and correct copies of any documents which mention, reflect or refer to any cost of repair of any vehicle involved in the collision made the basis of this lawsuit, including but not limited to any repair estimates or repair invoices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
True and correct copies of any and all correspondence between Defendant or Defendant's insurance carrier and Plaintiff or any representative of Plaintiff, regardless of who generated such correspondence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
True and correct copies of any and all correspondence between: 1) Defendant or Defendant's insurance carrier; and 2) any person or representative of any person making a claim against Defendant as a result of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
True and correct copies of any and all settlement agreements with any person making a claim against Defendant as a result of the collision made the basis of this lawsuit.

**RESPONSE:**

## INTERROGATORIES TO DEFENDANT HOWARD CHARLES JOHNSON

**INTERROGATORY NO. 1:**
Please state your name, address (both home and business), telephone number (both home and business), driver's license number, and date of birth.

**ANSWER:**

**INTERROGATORY NO. 2:**
Please state the name, address and telephone number of your current employer and your employer on the date of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 3:**
Please state the full name and address and telephone number of the owner of the vehicle which you were riding in, and state why you were riding in the vehicle at the time of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**
Please describe in your own words how the incident made the basis of this lawsuit happened. Include in your answer a description of the weather conditions on the day of the collision which forms the basis of this lawsuit. Include in your answer where you were coming from and where you were intending to go.

**ANSWER:**

**INTERROGATORY NO. 5**

Pursuant to Rule 192.3 (b) of the Texas Rules of Civil Procedure, describe the nature, custody, condition, location, and contents of any documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data and data compilations) that constitute or contain matters relevant to the subject matter of this action.

**ANSWER:**

**INTERROGATORY NO. 6**
In the twenty-four (24) hour period immediately preceding the collision made the basis of this lawsuit, did you consume any alcohol, medications, or legal or illegal drugs of any kind? If so, state the amount and type of substance you consumed, and the last time you consumed the substance before the collision.

**ANSWER:**

**INTERROGATORY NO. 7**
Have you ever been a party to any other criminal or civil lawsuit in the ten (10) year period prior to the pending lawsuit? Are you currently a party to another criminal or civil lawsuit other than this lawsuit? If so, state the style of each case, the cause number of each case, and the county where each case was filed.

**ANSWER:**

**INTERROGATORY NO. 8**
State the name, address and telephone number of each person who has made a claim against you, your employer, and/or your insurance carrier for property damage or personal injuries as a result of the collision made the basis of this claim.

**ANSWER:**

**INTERROGATORY NO. 9**
Did you give a recorded or written statement concerning the collision made the basis of this lawsuit to your insurance carrier or anyone else? If so, to whom did you give such a statement and when was the statement given?

**ANSWER:**

**INTERROGATORY NO. 10**
At the time of the collision made the basis of this lawsuit, were you in the course and scope of your employment with any employer? If so, state the name, address and telephone number of the employer.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you have ever been convicted, pleaded guilty or *nolo contedere* of any statutory offense, state the nature of the offense, the date of the offense, the county and state in which you were tried and the sentence/fine you were given.

**ANSWER:**

**INTERROGATORY NO. 12:**
State the name, address and telephone number of all occupants of the vehicle which you were operating at the time of the collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please identify and describe any all motor vehicle accidents and/or auto-pedestrian accidents in which you have been involved within the last ten (10) years, including but not limited to the: date of the accident; location of the accident; citations issued; description of the accident; and injuries of those involved.

**ANSWER:**

**INTERROGATORY NO. 14:**
Please identify and describe any and all citations, tickets and/or warnings you have received within the last ten (10) years for moving violations and/or violation of traffic-related ordinances.

**ANSWER:**

**INTERROGATORY NO. 15:**
Please state whether you operating your vehicle as an Uber or ride-share service at the time of the collision. Include in your answer the name, contact information and your person of contact of the ride-share company, if any.

**ANSWER:**

## REQUESTS FOR PRODUCTION TO ROBERT DAVIS

**REQUEST FOR PRODUCTION NO. 1**
True and correct copies of any and all incident reports made by agents, representatives or employees of Defendant concerning the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**
True and correct copies of any and all incident reports made by any police department or agency, Defendant's insurance carrier, or anyone else concerning the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**
True and correct copies of any and all photographs, videotapes, films or other graphic images of Plaintiff (including but not limited to surveillance photographs, videotapes, films or other graphic

images of Plaintiff); the scene of the incident made the basis of this lawsuit; or any vehicle involved in the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**
True and correct copies of any and all documents in Defendant's care custody or constructive control which mention the name of Plaintiff, other than documents for which Defendant in good faith claims a privilege. With respect to each such document for which Defendant in good faith claims a privilege, please provide a privilege log in compliance with Rule 193.3(b) of the Texas Rules of Civil Procedure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**
True and correct copies of any and all documents which mention, reflect or refer to the conviction of any party, witness or potential witness of a felony or crime of moral turpitude pursuant to rule 609 of the Texas Rules of Evidence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**
True and correct copies of any documents which mention, reflect or refer to any cost of repair of any vehicle involved in the collision made the basis of this lawsuit, including but not limited to any repair estimates or repair invoices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
True and correct copies of any and all correspondence between Defendant or Defendant's insurance carrier and Plaintiff or any representative of Plaintiff, regardless of who generated such correspondence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
True and correct copies of any and all correspondence between: 1) Defendant or Defendant's insurance carrier; and 2) any person or representative of any person making a claim against Defendant as a result of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
True and correct copies of any and all settlement agreements with any person making a claim against Defendant as a result of the collision made the basis of this lawsuit.

**RESPONSE:**

## INTERROGATORIES TO DEFENDANT ROBERT DAVIS

**INTERROGATORY NO. 1:**
Please state your name, address (both home and business), telephone number (both home and business), driver's license number, and date of birth.

**ANSWER:**

**INTERROGATORY NO. 2:**
Please state the name, address and telephone number of your current employer and your employer on the date of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 3:**
Please state the full name and address and telephone number of the owner of the vehicle which you were riding in, and state why you were riding in the vehicle at the time of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**
Please describe in your own words how the incident made the basis of this lawsuit happened. Include in your answer a description of the weather conditions on the day of the collision which forms the basis of this lawsuit. Include in your answer where you were coming from and where you were intending to go.

**ANSWER:**

**INTERROGATORY NO. 5**
Pursuant to Rule 192.3 (b) of the Texas Rules of Civil Procedure, describe the nature, custody, condition, location, and contents of any documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data and data compilations) that constitute or contain matters relevant to the subject matter of this action.

**ANSWER:**

**INTERROGATORY NO. 6**
In the twenty-four (24) hour period immediately preceding the collision made the basis of this lawsuit, did you consume any alcohol, medications, or legal or illegal drugs of any kind? If so, state the amount and type of substance you consumed, and the last time you consumed the substance before the collision.

**ANSWER:**

**INTERROGATORY NO. 7**

Have you ever been a party to any other criminal or civil lawsuit in the ten (10) year period prior to the pending lawsuit? Are you currently a party to another criminal or civil lawsuit other than this lawsuit? If so, state the style of each case, the cause number of each case, and the county where each case was filed.

**ANSWER:**

**INTERROGATORY NO. 8**
State the name, address and telephone number of each person who has made a claim against you, your employer, and/or your insurance carrier for property damage or personal injuries as a result of the collision made the basis of this claim.

**ANSWER:**

**INTERROGATORY NO. 9**
Did you give a recorded or written statement concerning the collision made the basis of this lawsuit to your insurance carrier or anyone else? If so, to whom did you give such a statement and when was the statement given?

**ANSWER:**

**INTERROGATORY NO. 10**
At the time of the collision made the basis of this lawsuit, were you in the course and scope of your employment with any employer? If so, state the name, address and telephone number of the employer.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you have ever been convicted, pleaded guilty or *nolo contedere* of any statutory offense, state the nature of the offense, the date of the offense, the county and state in which you were tried and the sentence/fine you were given.

**ANSWER:**

**INTERROGATORY NO. 12:**
State the name, address and telephone number of all occupants of the vehicle which you were operating at the time of the collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please identify and describe any all motor vehicle accidents and/or auto-pedestrian accidents in which you have been involved within the last ten (10) years, including but not limited to the: date of the accident; location of the accident; citations issued; description of the accident; and injuries of those involved.

**ANSWER:**

Plaintiff's Original Petition, with Discovery                                                        18

**INTERROGATORY NO. 14:**
Please identify and describe any and all citations, tickets and/or warnings you have received within the last ten (10) years for moving violations and/or violation of traffic-related ordinances.

**ANSWER:**

**INTERROGATORY NO. 15:**
Please state whether you operating your vehicle as an Uber or ride-share service at the time of the collision. Include in your answer the name, contact information and your person of contact of the ride-share company, if any.

**ANSWER:**

## INTERROGATORIES TO DIAKON LOGSITICS (DELAWARE) INC.

**INTERROGATORY NO. 1:** Please state the full name, address, telephone number, job title, and job description of all persons answering these interrogatories or providing information used in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Was Defendant's driver employed by you at the time of the collision made the basis of this lawsuit? If not, please provide the name and address of the individual or entity you contend was Defendant's driver's employer at the time the incident made the basis of this lawsuit occurred.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state in detail your understanding of how the collision occurred and the name, address, phone number, job title, and job description of all persons, excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 4:**    Please identify by name, address and telephone number each person who witnessed the automobile collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:** Please provide the date and circumstances surrounding all vehicular accidents Defendant's driver has been involved in while employed by you or driving on your behalf, as well as all vehicular accidents you have knowledge of prior to his involvement with your company.

**ANSWER:**

**INTERROGATORY NO. 6:** State the names of all insurance companies who had primary or excess (umbrella) insurance coverage extended for you and/or Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS in effect on the date of the incident made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage which you contend apply to such incident(s).

    (a)    If any coverage limit is an aggregate limit, please state whether such limit has been reduced by any other claims and, if so, the amount of such reduction.

    (b)    If any deductible or self-insured retention applies, please state the amount of same.

**ANSWER:**

**INTERROGATORY NO. 7:** Do you contend that Plaintiff's injuries were caused by some other occurrence(s), disease or condition, either before or after the incident made the basis of this lawsuit? If so, describe in detail such other occurrence(s).

**ANSWER:**

**INTERROGATORY NO. 8:** Please state in full detail each and every contention or denial of liability on Plaintiff's claims made the basis of this suit.  Include in your answer:

    (a)    all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

    (b)    the name, business address, residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiff's claims; and

    (c)    the name, business address, residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

**INTERROGATORY NO. 9:** If you have made repairs to the vehicular damage which resulted from this occurrence, please provide:

    (a) the name and address of the person or company who made such repairs; and

    (b) the itemized cost of such repairs.

**ANSWER:**

**INTERROGATORY NO. 10:** Did your company own or lease the vehicle at issue in this case? If the vehicle was leased, please provide the name, address, and phone number of the company from whom you leased the vehicle, as well as the company you understand may own the vehicle.

**ANSWER:**

**INTERROGATORY NO. 11:** Please provide the points of origin and destination of Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS on the route he was driving when this accident occurred, the time he began work and ceased work the day before and the day of this accident, and the number of miles he traveled the day before this accident and the day of this accident.

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe the average number of hours Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS would drive in an average week for the four (4) weeks prior to this accident.

**ANSWER:**

**INTERROGATORY NO. 13:** Please list all complaints, reprimands, or any other disciplinary action(s), formal or informal, that you are aware of regarding Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS
**ANSWER:**

**INTERROGATORY NO. 14:** Do you require drivers you employ to carry cameras, accident kits, exoneration cards, or other similar materials in their vehicles in the event of an accident? If so, please specifically describe and inventory the contents of such kits and/or items.

**ANSWER:**

**INTERROGATORY NO. 15:** Please detail all actions taken by your company in investigating the background of Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS prior to hiring and/or retaining his services. Include the name, address, and phone number of any and all references and former or then current employers contacted.

**ANSWER:**

**INTERROGATORY NO. 16:** Please describe any and all training or education in driving vehicles provided to Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS, whether by your company or any other person or entity. Please provide the dates of such training or education, enumerate the certifications received by Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS, and indicate whether Defendant's driver required more than one attempt to pass any testing associated with such training. If not, please detail all education and training that you are aware Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS received from any other facility or company.

**ANSWER:**

**INTERROGATORY NO. 17:** Please describe all repairs that had been performed on the vehicle Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was driving in the year

prior to the accident, including the name of all facilities that have inspected and/or worked on the vehicle at issue in this case.

**ANSWER:**

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DIAKON LOGSITICS (DELAWARE) INC.**

1.    All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

2.    All photographs taken of the scene of the automobile collision or the surrounding area of the scene of the automobile collision in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

3.    All photographs taken of the Plaintiff and/or the vehicle the Plaintiff was driving that may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

4.    All pictures, motion pictures, movies, films, charts, plats, drawings or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

5.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of Plaintiff's lawsuit taken before, during or after the automobile collision in question which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

6.    All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

7.    All oral statements made by the Plaintiff or anyone in Plaintiff's family which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

8.    All written statements made by any witnesses to the automobile collision that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

9.    All oral, taped, or recorded statements made by any witnesses to the automobile collision that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

10.   A copy of the policy or policies of liability insurance providing coverage to the Defendant and, if applicable, Defendant's drivers and/or Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS specifically.

11.   A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the Defendant and, if applicable, Defendant's drivers and/or Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS specifically.

12.   A curriculum vitae or resume, written report, bibliography, fee agreement and list of cases each expert has testified in over the past ten years, whether live or by deposition, for any individual whom you may call as an expert witness in the trial of this matter.

13.   All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of (1) any expert who will or may be called by the Defendant as a witness during the trial of Defendant's case; (2) who has been used for consultation and whose work product forms a basis, either in whole or in part, of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the Defendant advise the Plaintiff accordingly and reduce such material to a tangible form).

14.   Copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the automobile collision made the basis of Plaintiff's lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached hereto so that Plaintiff may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

15.   Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the automobile collision made the basis of Plaintiff's lawsuit.

16.   Copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the automobile collision made the basis of Plaintiff's lawsuit, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the automobile collision which has been made the basis of Plaintiffs' lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached hereto so that Plaintiff may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

17.   Copies of any contracts or agreements between Defendant and any vehicular maintenance or repair service provider.

18.   Copies of any contracts or agreements between Defendant and any other person or entity which Defendant contends is the owner of the vehicle driven by Defendant's driver in this matter, with regard to the lease and/or

use of the vehicle involved in the collision made the basis of this suit.

19.    Copies of all documents referenced in Plaintiff's Interrogatories propounded to Defendant and in Defendant's Responses to such Interrogatories.

20.    Copies of Defendant's driver's employment file and any and all other files which Defendant keeps or has regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS involved in the incident made the basis of this wreck.

21.    Copies of any documents in Defendant's possession regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S driving history, past automobile collisions, speeding tickets, moving violations and Driver's License suspensions and/or revocations.

22.    Copies of all driving logs for HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS for ten (10) days prior to and ten (10) days subsequent to the date of the automobile collision made the basis of this lawsuit, inclusive of the date of the automobile collision made the basis of this lawsuit.

23.    Copies of all documents of any kind that were in the vehicle which HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was driving when this automobile collision occurred.

24.    Copies of all driver's licenses and vehicle driving certifications in Defendant's possession which HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS possesses or has earned.

25.    Copies of all manuals or pamphlets which provide all applicable state, federal, and all other regulations relevant to this cause.

26.    Copies of all documents which reflect the method by which HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S paycheck was calculated, as well as copies of his paychecks and/or pay stubs for the four weeks prior to and subsequent to this automobile collision, inclusive of the date of the automobile collision made the basis of this lawsuit.

27.    Copies of all videos, manuals, or other materials provided to or reviewed by HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS regarding driving company vehicles.

28.    Copies of all documents, manuals, policies, or any other materials regarding safety and driving vehicles used by or in the possession of Defendant.

29.    Copies of all work orders, invoices, or any other documents reflecting inspections, repairs, maintenance, or any other work performed on the vehicle at issue in this case for the year prior to this automobile collision and for one month subsequent to this automobile collision, inclusive of the date of the automobile collision made the basis of this lawsuit.

30.    Complete and clearly readable copies of all trip and/or operational documents pertaining to HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS and/or passengers he may have been transporting at the time the automobile collision made the basis of this lawsuit. This

request includes but is not limited to copies and printouts of GPS records, payment records, trip records, and/or payment records which pertain to HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS that are in your constructive or actual possession.

31. Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of Defendant in reference to the automobile collision as defined herein, excluding only those written documents, materials and objects that can be clearly identified as the work product of the Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

32. Complete and clearly readable copies of any and all other accident or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the automobile collision in question, where HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS, or his co-driver(s), or trainer, was the driver of a vehicle involved in any prior automobile collisions or incidents.

33. Complete and clearly readable copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this automobile collision occurred, indicating Defendant as a named insured or omnibus insured or any other type, whether by application, binder, issuance of policy or extension of a grace period.

34. Copies of HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S employment file and any and all other files which Defendant keeps or has regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS

35. Copies of any documents in Defendant's possession regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S driving history, past automobile collisions, speeding tickets, moving violations and Driver's License suspensions and/or revocations.

This is a continuing request, and should any documents or information be obtained by named Defendant, which may come within the confines of these requests, the same should be delivered to the Plaintiff's attorney of record upon receipt of such information or documents.

## REQUESTS FOR ADMISSION TO DEFENDANT DIAKON LOGSITICS (DELAWARE) INC.

Admit or Deny the following:

**REQUEST FOR ADMISSION NO. 1:**
Admit or deny that HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was your employee at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit or deny that HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was in the course and scope of his employment with you at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit or deny that HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS caused the incident which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit or deny that you are liable for the negligence of HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit or deny that you entrusted a the 2016 Chevrolet Equinox involved in the incident forming the basis of this lawsuit to HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS

**RESPONSE:**

## INTERROGATORIES TO PV HOLDING CORP.

**INTERROGATORY NO. 1:** Please state the full name, address, telephone number, job title, and job description of all persons answering these interrogatories or providing information used in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Was Defendant's driver employed by you at the time of the collision made the basis of this lawsuit? If not, please provide the name and address of the individual or entity you contend was Defendant's driver's employer at the time the incident made the basis of this lawsuit occurred.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state in detail your understanding of how the collision occurred and the name, address, phone number, job title, and job description of all persons,

Plaintiff's Original Petition with Discovery                                                          26

excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 4:**      Please identify by name, address and telephone number each person who witnessed the automobile collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:** Please provide the date and circumstances surrounding all vehicular accidents Defendant's driver has been involved in while employed by you or driving on your behalf, as well as all vehicular accidents you have knowledge of prior to his involvement with your company.

**ANSWER:**

**INTERROGATORY NO. 6:** State the names of all insurance companies who had primary or excess (umbrella) insurance coverage extended for you and/or Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS in effect on the date of the incident made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage which you contend apply to such incident(s).
(a)      If any coverage limit is an aggregate limit, please state whether such limit has been reduced by any other claims and, if so, the amount of such reduction.
(b)      If any deductible or self-insured retention applies, please state the amount of same.

**ANSWER:**

**INTERROGATORY NO. 7:** Do you contend that Plaintiff's injuries were caused by some other occurrence(s), disease or condition, either before or after the incident made the basis of this lawsuit? If so, describe in detail such other occurrence(s).

**ANSWER:**

**INTERROGATORY NO. 8:** Please state in full detail each and every contention or denial of liability on Plaintiff's claims made the basis of this suit. Include in your answer:
(a)      all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;
(b)      the name, business address, residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiff's claims; and
(c)      the name, business address, residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

Plaintiff's Original Petition with Discovery                                                                 27

**INTERROGATORY NO. 9:** If you have made repairs to the vehicular damage which resulted from this occurrence, please provide:

(a)     the name and address of the person or company who made such repairs; and

(b)     the itemized cost of such repairs.

**ANSWER:**

**INTERROGATORY NO. 10:** Did your company own or lease the vehicle at issue in this case? If the vehicle was leased, please provide the name, address, and phone number of the company from whom you leased the vehicle, as well as the company you understand may own the vehicle.

**ANSWER:**

**INTERROGATORY NO. 11:** Please provide the points of origin and destination of Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS on the route he was driving when this accident occurred, the time he began work and ceased work the day before and the day of this accident, and the number of miles he traveled the day before this accident and the day of this accident.

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe the average number of hours Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS would drive in an average week for the four (4) weeks prior to this accident.

**ANSWER:**

**INTERROGATORY NO. 13:** Please list all complaints, reprimands, or any other disciplinary action(s), formal or informal, that you are aware of regarding Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS

**ANSWER:**

**INTERROGATORY NO. 14:** Do you require drivers you employ to carry cameras, accident kits, exoneration cards, or other similar materials in their vehicles in the event of an accident? If so, please specifically describe and inventory the contents of such kits and/or items.

**ANSWER:**

**INTERROGATORY NO. 15:** Please detail all actions taken by your company in investigating the background of Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS prior

to hiring and/or retaining his services. Include the name, address, and phone number of any and all references and former or then current employers contacted.

**ANSWER:**

**INTERROGATORY NO. 16:** Please describe any and all training or education in driving vehicles provided to Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS, whether by your company or any other person or entity. Please provide the dates of such training or education, enumerate the certifications received by Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS, and indicate whether Defendant's driver required more than one attempt to pass any testing associated with such training. If not, please detail all education and training that you are aware Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS received from any other facility or company.

**ANSWER:**

**INTERROGATORY NO. 17:** Please describe all repairs that had been performed on the vehicle Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was driving in the year prior to the accident, including the name of all facilities that have inspected and/or worked on the vehicle at issue in this case.

**ANSWER:**

### PLAINTIFF'S REQUEST FOR PRODUCTION TO PV HOLDING CORP.

1.      All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

2.      All photographs taken of the scene of the automobile collision or the surrounding area of the scene of the automobile collision in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

3.      All photographs taken of the Plaintiff and/or the vehicle the Plaintiff was driving that may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

4.      All pictures, motion pictures, movies, films, charts, plats, drawings or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

5.      All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of Plaintiff's lawsuit taken before, during or after the automobile collision in question which are in the possession, constructive

possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

6.      All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

7.      All oral statements made by the Plaintiff or anyone in Plaintiff's family which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

8.      All written statements made by any witnesses to the automobile collision that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

9.      All oral, taped, or recorded statements made by any witnesses to the automobile collision that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

10.     A copy of the policy or policies of liability insurance providing coverage to the Defendant and, if applicable, Defendant's drivers and/or Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS specifically.

11.     A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the Defendant and, if applicable, Defendant's drivers and/or Defendant HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS specifically.

12.     A curriculum vitae or resume, written report, bibliography, fee agreement and list of cases each expert has testified in over the past ten years, whether live or by deposition, for any individual whom you may call as an expert witness in the trial of this matter.

13.     All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of (1) any expert who will or may be called by the Defendant as a witness during the trial of Defendant's case; (2) who has been used for consultation and whose work product forms a basis, either in whole or in part, of the opinions of an expert who is to be called as a witness. (I. the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the Defendant advise the Plaintiff accordingly and reduce such material to a tangible form).

14.     Copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the automobile collision made the basis of Plaintiff's lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached

hereto so that Plaintiff may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

15.     Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the automobile collision made the basis of Plaintiff's lawsuit.

16.     Copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the automobile collision made the basis of Plaintiff's lawsuit, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the automobile collision which has been made the basis of Plaintiffs' lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached hereto so that Plaintiff may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

17.     Copies of any contracts or agreements between Defendant and any vehicular maintenance or repair service provider.

18.     Copies of any contracts or agreements between Defendant and any other person or entity which Defendant contends is the owner of the vehicle driven by Defendant's driver in this matter, with regard to the lease and/or
use of the vehicle involved in the collision made the basis of this suit.
19.     Copies of all documents referenced in Plaintiff's Interrogatories propounded to Defendant and in Defendant's Responses to such Interrogatories.

20.     Copies of Defendant's driver's employment file and any and all other files which Defendant keeps or has regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS involved in the incident made the basis of this wreck.

21.     Copies of any documents in Defendant's possession regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S driving history, past automobile collisions, speeding tickets, moving violations and Driver's License suspensions and/or revocations.

22.     Copies of all driving logs for HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS for ten (10) days prior to and ten (10) days subsequent to the date of the automobile collision made the basis of this lawsuit, inclusive of the date of the automobile collision made the basis of this lawsuit.

23.     Copies of all documents of any kind that were in the vehicle which HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was driving when this automobile collision occurred.

24.     Copies of all driver's licenses and vehicle driving certifications in Defendant's possession which HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS possesses or has earned.

25.     Copies of all manuals or pamphlets which provide all applicable state, federal, and all other regulations relevant to this cause.

26.     Copies of all documents which reflect the method by which HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S paycheck was calculated, as well as copies of his paychecks and/or pay stubs for the four weeks prior to and subsequent to this automobile collision, inclusive of the date of the automobile collision made the basis of this lawsuit.

27.     Copies of all videos, manuals, or other materials provided to or reviewed by HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS regarding driving company vehicles.

28.     Copies of all documents, manuals, policies, or any other materials regarding safety and driving vehicles used by or in the possession of Defendant.

29.     Copies of all work orders, invoices, or any other documents reflecting inspections, repairs, maintenance, or any other work performed on the vehicle at issue in this case for the year prior to this automobile collision and for one month subsequent to this automobile collision, inclusive of the date of the automobile collision made the basis of this lawsuit.

30.     Complete and clearly readable copies of all trip and/or operational documents pertaining to HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS and/or passengers he may have been transporting at the time the automobile collision made the basis of this lawsuit. This request includes but is not limited to copies and printouts of GPS records, payment records, trip records, and/or payment records which pertain to HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS that are in your constructive or actual possession.

31.     Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of Defendant in reference to the automobile collision as defined herein, excluding only those written documents, materials and objects that can be clearly identified as the work product of the Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

32.     Complete and clearly readable copies of any and all other accident or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the automobile collision in question, where HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS, or his co-driver(s), or trainer, was the driver of a vehicle involved in any prior automobile collisions or incidents.

33.     Complete and clearly readable copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This request specifically refers to all coverage available to Defendant and/or thought or believed to be available

and in force when this automobile collision occurred, indicating Defendant as a named insured or omnibus insured or any other type, whether by application, binder, issuance of policy or extension of a grace period.

34.    Copies of HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S employment file and any and all other files which Defendant keeps or has regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS

35.    Copies of any documents in Defendant's possession regarding HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS'S driving history, past automobile collisions, speeding tickets, moving violations and Driver's License suspensions and/or revocations.

This is a continuing request, and should any documents or information be obtained by named Defendant, which may come within the confines of these requests, the same should be delivered to the Plaintiff's attorney of record upon receipt of such information or documents.

## REQUESTS FOR ADMISSION TO DEFENDANT DIAKON LOGSITICS (DELAWARE) INC.

**Admit or Deny the following:**

**REQUEST FOR ADMISSION NO. 1:**
Admit or deny that HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was your employee at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit or deny that HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS was in the course and scope of her employment with you at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit or deny that HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS caused the incident which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that you are liable for the negligence of HOWARD CHARLES JOHNSON
AND/OR ROBERT DAVIS

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit or deny that you entrusted a the 2016 Chevrolet Equinox involved in the incident forming
the basis of this lawsuit to HOWARD CHARLES JOHNSON AND/OR ROBERT DAVIS

**RESPONSE:**

01.2607174

1/23/2018 9:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 21998308
By: Anna Evetts
Filed: 1/23/2018 9:12 AM

RECEIPT NUMBER

TRACKING NUMBER        73451589  ATY

CAUSE NUMBER        201801251

PLAINTIFF: LANEY, CHERYL
          vs.
DEFENDANT: JOHNSON, HOWARD CHARLES

In The 133rd
Judicial District Court of
Harris County, Texas

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: PV HOLDING CORP (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED BY
    SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (D/B/A
    CSC LAWYERS INCORPORATING SERVICE COMPANY)
    701  BRAZOS STREET SUITE 1050  AUSTIN TX  78701

Attached is a copy of  PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE INTERROGATORIES,
REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION

This instrument was filed on the ____8th____ day of ____January____, 20__18__, in the
above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___9th___ day of
____January____, 20__18__.

Issued at request of:
BLEYER, JONATHAN E.
2405 SMITH STREET
HOUSTON, TX  77006
TEL: (713) 222-1222
Bar Number: 24089990

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: LEMON, JUSTINA VERNELL
EGZ//10856532

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed

the date of delivery thereon, and executed it at _____
                                                    (STREET ADDRESS)                    (CITY)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____.M.,

by delivering to _____ by delivering to its
                 (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ in person, whose name is _____.
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____
                                (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the ____ day of _____, 20____.

FEE: $_____

                    By: _____
                        (SIGNATURE OF OFFICER)

                    Printed Name: _____

                    As Deputy for: _____
                                   (PRINTED NAME & TITLE OR SHERIFF OR CONSTABLE)

_____
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

                                        _____
                                              Notary Public

N.INT.CITC.P

*73451589*

## CAUSE NO. 2018-01251

CHERYL LANEY
VS.

**IN THE 133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

DIAKON LOGISTICS
(DELAWARE), INC., ET AL.

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _01/15/18_ (DATE) AT _90_ : _55_ (_A_) M (TIME) CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS came to hand for delivery to PV HOLDING CORP. (A FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY.

3. ON _01/15/18_ (DATE) AT _11_ : _42_ (_A_) M (TIME) - The above named documents were delivered to: PV HOLDING CORP. (A FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY by delivering to
_Robert Williams - designated Agent_
(NAME AND TITLE), authorized agent for service @
_211 E. 7th Street, #620, Austin TX 78701_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
SIGNATURE
PSC# _1189_   EXPIRATION: _07/31/20_

_Barbara C. Stinnett_
AFFIANT PRINTED NAME

**SWORN TO AND SUBSCRIBED** before me by _Barbara C. Stinnett_ appeared on this _15_ day of _January_ 2018 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

HARRISON STINNETT
My Notary ID # 129047716
Expires July 9, 2020

2018.01.267174

.01.207177

1/25/2018 9:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 22052588
By: Anna Evetts
Filed: 1/25/2018 9:33 AM

RECEIPT NUMBER          0800

TRACKING NUMBER          73451586   RTY

CAUSE NUMBER          201801251

| | |
|---|---|
| PLAINTIFF: LANEY, CHERYL | In The 133rd |
| vs. | Judicial District Court of |
| DEFENDANT: JOHNSON, HOWARD CHARLES | Harris County, Texas |

CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: DIAKON LOGISTICS (DELAWARE) INC (A FOREIGN FOR-PROFIT CORPORATION)
MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999  BRYAN STREET SUITE 900   DALLAS  TX  75201

Attached is a copy of  PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE INTERROGATORIES.
REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION

This instrument was filed on the ____8th____ day of ____January____, 20__18__, in the
above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
     This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ____9th____ day of
____January____, 20__18__.

Issued at request of:
BLEYER, JONATHAN E.
2405  SMITH STREET
HOUSTON, TX  77006
TEL: (713) 222-1222
Bar Number: 24089990

*CHRIS DANIEL*, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: LEMON, JUSTINA VERNELL
EGZ//10856532

OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20 ____, at _____ o'clock ____.M., endorsed

the date of delivery thereon, and executed it at _____
                                                                              (STREET ADDRESS)                    (CITY)

in _____ County, Texas on the _____ day of _____, 20 ____ at _____ o'clock ____.M.,

by delivering to _____, by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                    (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____.
                                                         (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the ____ day of _____, 20 ____.

FEE: $ _____                              By: _____
                                                                              (SIGNATURE OF OFFICER)

                                                    Printed Name: _____

_____                  As Deputy for: _____
Affiant Other Than Officer                                          (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ____.

_____
Notary Public

N.INT.CITC.P                                          *73451586*

CAUSE NO. 2018-01251

CHERYL LANEY
VS.

IN THE 133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

DIAKON LOGISTICS
(DELAWARE), INC., ET AL.

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, ___Guy C. Connelly___ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is ___Guy C. Connelly___ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON _1/15/18_ (DATE) AT _11_ : _00_ (_A_) M (TIME) CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS came to hand for delivery to DIAKON LOGISTICS (DELAWARE), INC. (A FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT:CT CORPORATION SYSTEM .

3. ON _1/16/18_ (DATE) AT _10_ : _20_ (_A_) M (TIME) - The above named documents were delivered to: DIAKON LOGISTICS (DELAWARE), INC. (A FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT:CT CORPORATION SYSTEM by delivering to

_Antoinette Williams, PS_

(NAME AND TITLE), authorized agent for service @ **1999 Bryan, Suite 900, Dallas, TX 75201**

(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# _____ EXPIRATION: _9/30/18_

Guy C. Connelly

AFFIANT PRINTED NAME
Guy C. Connelly

SWORN TO AND SUBSCRIBED before me by _____ appeared on this _16_ day of _January_ 2018 2017 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2018-1.267177

ANNA M CONNELLY
My Commission Expires
March 1, 2019

1/23/2018 9:19 AM
Chris Daniel - District Clerk Harris County
Envelope No. 21988679
By: Anna Evetts
Filed: 1/23/2018 9:19 AM

01.26.7180

CAUSE NO.  201801251

RECEIPT NO.                          0.00      ATY
                    **********          TR # 73451582

PLAINTIFF: LANEY, CHERYL
                vs.
DEFENDANT: JOHNSON, HOWARD CHARLES

In the     133rd
Judicial District Court
of Harris County, Texas
133RD DISTRICT COURT
Houston, TX

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: JOHNSON, HOWARD CHARLES MAY BE SERVED BY SERVING TRYON D LEWIS
    CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION
    125 EAST 11TH STREET AUSTIN TEXAS 78701
    FORWARD TO:
    502  SENECA KNOLL COURT   GREAT FALLS  VA  22066
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE INTERROGATORIES
REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION

This instrument was filed on the 8th day of January, 2018, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of January, 2018, under my hand and
seal of said Court.

Issued at request of:
BLEYER, JONATHAN E.
2405  SMITH STREET
HOUSTON, TX  77006
Tel: (713) 222-1222
Bar No.: 24089990

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: LEMON, JUSTINA VERNELL
                                    EGZ//10856532

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M. on the _____ day of _____, _____,
Executed at (address) _____ in
_____ County at _____ o'clock ___.M. on the _____ day of
_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____ County, Texas

                              By _____
_____                    Deputy
        Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                                        Notary Public

N.INT.HWY.P                    *73451582*

## CAUSE NO. 2018-01251

CHERYL LANEY

VS.

IN THE 133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

DIAKON LOGISTICS
(DELAWARE), INC., ET AL.

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Harrison Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Harrison Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin, TX 78768_
(SERVER'S ADDRESS)

2. ON _01/15/18_ (DATE) AT _8_ : _55_ ( _A_ ) M (TIME) TWO (2) DUPLICATE COPIES OF A CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION , REQUEST FOR ADMISSIONS AND $~~50~~ 25 JURISDICTIONAL FEE came to hand for delivery to HOWARD CHARLES JOHNSON BY SERVING THE TEXAS TRANSPORTATION COMMISSIONER .

3. ON _01/17/18_ (DATE) AT _11_ : _45_ ( _A_ ) M (TIME) - The above named documents were delivered to: HOWARD CHARLES JOHNSON BY SERVING THE TEXAS TRANSPORTATION COMMISSIONER ~~at:~~ _by delivering to Bailey Hamer - designated agent at:_
_125 E. 11m St, 6m Floor, Austin, TX 78701_
(ADDRESS), by PERSONAL Service

SIGNATURE
PSC# _11505_ EXPIRATION: _5/31/18_

_Harrison Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Harrison Stinnett_ appeared on this _17_ day of
_January_ , ~~2012~~ to attest witness my hand and seal of office
2018

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2018.01.267180

BARBARA C STINNETT
MY COMMISSION EXPIRES
May 23, 2018

2/2/2018 10:43 AM
Chris Daniel - District Clerk Harris County
Envelope No. 22252491
By: Jacob Blessing
Filed: 2/2/2018 10:43 AM

CAUSE NO. 2018-01251

| | | |
|---|---|---|
| CHERYL LANEY | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| DIAKON LOGISTICS (DELAWARE) | § | |
| INC., PV HOLDING CORP., ROBERT | § | |
| DAVIS & HOWARD CHARLES | § | |
| JOHNSON | § | 133RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, PV HOLDING CORP., files this answer in response to Plaintiff's latest petition and would respectfully show as follows:

1.      As allowed by Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial to the allegations in Plaintiff's latest petition.

2.      In the alternative, and without waiving the foregoing, Defendant pleads that Plaintiff's damages, if any, for medical or health care expenses are limited by §41.0105 of the Texas Civil Practice and Remedies Code.

3.      In the alternative, and without waiving the foregoing, Defendant would show that to the extent Plaintiff is seeking recovery for loss of earnings or loss of earning capacity, the limitations of §18.091 of the Texas Civil Practice and Remedies Code apply.

### PRAYER

Defendant, PV HOLDING CORP., respectfully prays that upon trial of this case the Court enter judgment in Defendant's favor, that Plaintiff take nothing by reason of

this suit, that Defendant recover its costs incurred herein, and that Defendant receive such further and other relief to which it is justly entitled.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.

Aaron Pool
SBN: 16115400
Alvin D. Houston
SBN: 24041134
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
Phone: 713-877-1112
Fax: 713-877-1138
apool@donatominxbrown.com
ahouston@donatominxbrown.com

**ATTORNEYS FOR DEFENDANT
PV HOLDING CORP.**

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

     **I hereby certify that on the** _2nd_ **day of February, 2018, a true and correct copy of the above and foregoing has been served by:**

     ☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

<u>Plaintiff's Attorney:</u>
Sam K. Mukerji
Jonathan E. Bleyer
2405 Smith Street
Houston, TX 77006
713-222-1222
713-222-0555 Fax
litigation@mukerjilaw.com

Aaron Pool

Unofficial Copy Office of Christ... District Clerk

3

2/2/2018 10:43:29 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 22252491
By: BLESSING, JACOB K
Filed: 2/2/2018 10:43:29 AM

CAUSE NO. 2018-01251

| | | |
|---|---|---|
| CHERYL LANEY | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| DIAKON LOGISTICS (DELAWARE) | § | |
| INC., PV HOLDING CORP., ROBERT | § | |
| DAVIS & HOWARD CHARLES | § | |
| JOHNSON | § | 133RD JUDICIAL DISTRICT |

## DEFENDANT'S REQUEST FOR JURY TRIAL

Pursuant to TRCP 216, Defendant, PV HOLDING CORP., requests a jury trial and tenders the required jury fee.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.

Aaron Pool
SBN: 16115400
Alvin D. Houston
SBN: 24041134
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
Phone: 713-877-1110
Fax: 713-877-1138
apool@donatominxbrown.com
ahouston@donatominxbrown.com

**ATTORNEYS FOR DEFENDANT
PV HOLDING CORP.**

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

**I hereby certify that, on the** *2nd* **day of February, 2018, a true and correct copy of the above and foregoing has been served by:**

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

<u>Plaintiff's Attorney:</u>
Sam K. Mukerji
Jonathan E. Bleyer
2405 Smith Street
Houston, TX 77006
713-222-1222
713-222-0555 Fax
litigation@mukerjilaw.com

Aaron Pool

Unofficial Copy Office of Chris Daniel District Clerk

2

2/2/2018 11:09 AM
Chris Daniel - District Clerk Harris County
Envelope No. 22254572
By: Jacob Blessing
Filed: 2/2/2018 11:09 AM

CAUSE NO. 2018-01251

| | | |
|---|---|---|
| CHERYL LANEY<br>Plaintiff | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DIAKON LOGSITICS (DELAWARE) INC.,<br>PV HOLDINGS CORP. ROBERT DAVIS, &<br>HOWARD CHARLES JOHNSON<br>Defendants. | § | |
| | § | |
| | § | 133rd JUDICIAL DISTRICT |

DEFENDANT DIAKON LOGISTICS
(DELAWARE) INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DIAKON LOGISTICS (DELAWARE) INC.**, incorrectly

named **Diakon Logsitics (Delaware) Inc.** ("Defendant"), a Defendant in the above styled

and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and

would respectfully show the Court the following:

**I.**

**GENERAL DENIAL**

Subject to such stipulations and admissions as may hereafter be made, Defendant

asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and

respectfully request that Plaintiff be required to prove the charges and allegations made

against Defendant by a preponderance of the evidence as required by the Constitution and

the laws of the State of Texas.

1

## II.
## PLAINTIFF'S OWN NEGLIGENCE

The incident complained of in Plaintiff's Original Petition was caused by the negligence and carelessness on the part of the Plaintiff, and this was the sole cause or at least a proximate cause of the incident made the basis of this lawsuit.

## III.
## FAILURE TO MITIGATE DAMAGES.

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## IV.
## LIMITATION ON LIABILITY FOR MEDICAL EXPENSES

For further answer, Defendant's liability, if any, for Plaintiff's medical expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff in accordance with Section 41.0105 of the Texas Civil Practice and Remedies Code.

## V.
## JURY DEMAND

Defendant hereby demands and makes application for a jury trial to be held on this cause.

A jury fee is being paid consecutively with the filing of this Jury Demand.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **DIAKON LOGISTICS (DELAWARE) INC.**, prays that Plaintiff takes nothing by way of this suit; that Judgment

2

be entered for Defendant; that Defendant recover costs of Court; and that they have such

other and further relief, in law and in equity, to which they may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

**NICK LANZA**
TBA No. 11941225
4950 Bissonnet Street
Houston, Texas 77401
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT
DIAKON LOGISTICS (DELAWARE) INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to all known counsel of record on the 2nd day of February, 2018, as indicated:

Sam K. Mukerji          **Via Eservice: litigation@mukerjilaw.com**
MUKERJI LAW FIRM
2405 Smith Street
Houston, Texas 77006

**NICK LANZA**

3

Harris County Docket Sheet

# 2018-01251

**COURT:**   133rd
**FILED DATE:**   1/8/2018
**CASE TYPE:**   Motor Vehicle Accident



### LANEY, CHERYL

Attorney: MUKERJI, SAMBAR KUMAR

### vs.

### JOHNSON, HOWARD CHARLES

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

1/7/2018 11:41:48 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 21656053
By: HALL, BRITTANY
Filed: 1/8/2018 12:00:00 AM

## CIVIL PROCESS REQUEST FORM

**2018-01251 / Court: 133**

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION _____

**FILE DATE OF MOTION:** 01/08/2018 _____
                                      Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: **Diakon Logistics (Delaware) Inc.** _____

    ADDRESS: **1999 Bryan Street, Suite 900, Dallas, TX 75201** _____

    AGENT, (*if applicable*): **CT Corporation System** _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): CITATION _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____
- ☐ **MAIL**                                ☒ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:    ☐ **COURTHOUSE DOOR,** or
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

### ATTENTION: Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME: **PV Holding Corp.** _____

    ADDRESS: **701 Brazos Street, Suite 1050, Austin, TX 78701** _____

    AGENT, (*if applicable*): **Corporation Service Company dba CSC Lawyers Incorporating Service Company** _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**                                ☒ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:    ☐ **COURTHOUSE DOOR,** or
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Jonathan E. Bleyer _____   TEXAS BAR NO./ID NO. 24089990

MAILING ADDRESS: 2405 SMITH STREET, HOUSTON TEXAS 77006 _____

PHONE NUMBER: 713 _____ 222-1222 _____   FAX NUMBER: 713 _____ 222-0555 _____
                area code        phone number                          area code      fax number

EMAIL ADDRESS: jbleyer@mukerjilaw.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form          Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

**ORIGINAL PETITION**
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)
MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
**CITATION**
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

## CIVIL PROCESS REQUEST FORM

1/7/2018 11:41:48 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 21656053
By: HALL, BRITTANY
Filed: 1/8/2018 12:00:00 AM

2018-01251 / Court: 133

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION _____

**FILE DATE OF MOTION:** 01/08/2018 _____
Month/    Day/    Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.   NAME:  Howard Charles Johnson _____

    ADDRESS: 125 East 11th Street, Austin, Texas 78701 _____

    AGENT, (*if applicable*):  C/O Tryon D. Lewis, Chairman, Texas Transporation Commission _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  CITATION _____

    **SERVICE BY** (*check one*):
      ☐ **ATTORNEY PICK-UP**      ☐ **CONSTABLE**
      ☐ **CIVIL PROCESS SERVER -** _____
      ☐ **MAIL**      ☐ **CERTIFIED MAIL**
      ☐ **PUBLICATION:**
        Type of Publication:    ☐ **COURTHOUSE DOOR,  or**
                      ☐ **NEWSPAPER OF YOUR CHOICE:**
      ☒ **OTHER,** *explain*  Service on Chairman of Texas Transportation Commission _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

**********************************************************************************

2.   NAME:  Robert Davis _____

    ADDRESS: 8550 Market St, Houston, TX 77029 _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** (*check one*):
      ☐ **ATTORNEY PICK-UP**      ☐ **CONSTABLE**
      ☒ **CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: **CRR (Court Records Research, Inc.) #107**
      Phone:
      ☐ **MAIL**      ☐ **CERTIFIED MAIL**
      ☐ **PUBLICATION:**
        Type of Publication:    ☐ **COURTHOUSE DOOR,  or**
                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____
      ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Jonathan E. Bleyer _____     TEXAS BAR NO./ID NO. 24089990 _____

MAILING ADDRESS: 2405 SMITH STREET, HOUSTON TEXAS 77006 _____

PHONE NUMBER: 713 _____ 222-1222 _____     FAX NUMBER: 713 _____ 222-0555 _____
           area code     phone number                    area code    fax number

EMAIL ADDRESS: jbleyer@mukerjilaw.com _____

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

**ORIGINAL PETITION**
_____     AMENDED PETITION
_____     SUPPLEMENTAL PETITION

COUNTERCLAIM
_____     AMENDED COUNTERCLAIM
_____     SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____     AMENDED CROSS-ACTION
_____     SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____     AMENDED THIRD-PARTY PETITION
_____     SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____     AMENDED INTERVENTION
_____     SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____     AMENDED INTERPLEADER
_____     SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                          (specify)

    MOTION TO: _____
                            (specify)

PROCESS TYPES:

NON WRIT:
**CITATION**
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Chris Daniel District Clerk